## Case No. 15,920.

UNITED STATES v. O'NEALE et al.

[2 Cranch, C. C. 183.] 1

Circuit Court, District of Columbia. Nov. Term, 1819.

CRIMINAL LAW — OPPOSING EXECUTION OF WARRANT.

It is an indictable offence to combine to oppose the execution of a warrant issued by a

1 [Reported by Hon. William Cranch, Chief Judge.]

justice of the peace, without knowing the nature of it, and assaulting one of the parties attempting to execute it. Upon the validity of the warrant the court expressed no opinion.

Indictment [against O'Neale, Desmukes, and others] for assault and battery on one Murray, a constable. It appeared in evidence that Mr. Faw, a justice of the peace, issued his warrant against A. Locke and B. Locke for an assault upon one James Middleton, and a battery on a negro, the execution of which warrant was prevented by force; whereupon Mr. Hoffman, another justice of the peace, issued his warrant to Murray, the constable, to summon a posse, and to take the said A. and B. Locke, "and all others who had obstructed or should obstruct the execution of Mr. Faw's warrant." After the jury had retired, they came into court, and prayed the instruction of the court as to the legality of the warrant.

Mr. Jones, for the United States, admitted that the warrant of Mr. Hoffman was illegal, so far as it required the arrest of "all persons as had obstructed," &c., without naming them, or describing them, or stating that their names were unknown. But he contended that it was immaterial whether the warrant was legal or not, because the defendants had made the first assault. The warrant, however, was not wholly void; it was good as to the arrest of A. and B. Locke. Besides, the warrant was altogether unnecessary; it was the duty of all persons to aid in the execution of the former warrant, and to suppress the riot.

Mr. Hewett, for defendants, contended that the warrant could not be good in part and void in part.

THE COURT (nem. con.), at the prayer of Mr. Jones, instructed the jury, that if they should be satisfied by the evidence, that the traversers and others were combined to oppose the execution of the warrant, without knowing the nature of it, and actually assaulted one of the constable's party before any assault had been made by any one of the constable's party in attempting to execute the warrant, the traversers were guilty.

The jury found some of the traversers guilty, and others not guilty.